IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL GREGORY HEDGER,
B-81033,

Petitioner,

vs.

TARRY WILLIAMS,

Respondent.                                    Case No. 14-cv-00940-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Daniel Hedger, who is currently incarcerated at Stateville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). In addition, Hedger has filed a motion (Doc. 4) for leave to file a second or successive petition for habeas corpus relief pursuant to 28 U.S.C. § 2244(b)(3)(A).

## Procedural History

On April 11, 2002, following a bench trial in the Circuit Court of Saline County, Illinois, Hedger was convicted of first-degree murder. Hedger was sentenced to natural life in prison. On May 21, 2004, the Appellate Court of Illinois, Fifth District affirmed Hedger's conviction but vacated his sentence and remanded the case to the trial court for resentencing. Hedger was then resentenced to 30 years' imprisonment on July 30, 2004.

After seeking and being denied post-conviction relief in state court, Hedger sought habeas corpus relief in this Court pursuant to § 2254. *See Hedger v. Pierce*, 10-cv-00553 (S.D.Ill.) (July 26, 2010) (Doc. 1). In that petition, Hedger raised the following grounds for relief: 1) favorable forensic evidence was destroyed by the state's expert witness; 2) the trial court erred in allowing testimony regarding the destroyed evidence; 3) the evidence presented was insufficient to find him guilty of murder beyond a reasonable doubt; 4) the prosecution engaged in misconduct; 5) his trial counsel was ineffective for failing to raise the defense of intoxication; 6) his trial counsel was ineffective in failing to provide expert testimony regarding his bipolar disorder; 7) the prosecutor made improper closing arguments; 8) he was found guilty against the manifest weight of the evidence; and 9) his appellate counsel was ineffective for failing to raise the previous eight claims for relief. *Id.* On June 7, 2011, the Court entered an order finding that the petition was time barred and dismissed the case. *See Hedger v. Pierce*, 10-cv-00553 (Doc. 16).

## Present Petition

In the instant petition, Hedger again challenges the conviction underlying his 2004 sentence and judgment. (present petition, Doc. 1). In addition to the nine grounds previously asserted, Hedger raises three additional grounds as a basis for relief: 1) his appellate counsel erroneously conceded that Hedger's initial post-conviction petition was untimely and, thus, was ineffective; 2) his appellate counsel provided ineffective assistance on appeal from the initial post-conviction petition by erroneously conceding that the petition was

untimely; and 3) the prosecution engaged in selective prosecution. (Doc. 1, pp. 9-10).

## Discussion

A petitioner is "entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding." *Paulousky v. VanNatta,* 431 F.3d 1063, 1064 (7th Cir.2005). Thus, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Nine of the twelve claims raised in this petition are identical to claims Hedger made in his prior § 2254 petition. *See Hedger v. Pierce,* 10-cv-00553 (Doc. 16). Pursuant to § 2244(b)(1), these claims must be dismissed.

The remaining three claims are subject to dismissal pursuant to 28 U.S.C. § 2244(b)(3)(A), which states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The dismissal of Hedger's prior § 2254 petition as untimely counts as a prior habeas action for purposes of the limitations on his second or successive petitions. *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir.2003). Hedger acknowledges, through his motion seeking leave to file the present petition (Doc. 4), that the instant action constitutes a second or successive § 2254 petition and that he must receive permission prior to proceeding. However, there is no indication that Hedger has obtained permission from the Seventh Circuit Court of Appeals, as required by §

2244(b)(3)(A). Because it appears that Hedger did not first obtain permission from the Seventh Circuit Court of Appeals to maintain the instant § 2254 action in this Court, the Court lacks jurisdiction to grant Hedger the relief he seeks on the remaining three claims. On this basis, the entire matter is dismissed.

## Disposition

**IT IS HEREBY ORDERED** that Hedger's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice for lack of jurisdiction. Hedger's motion to appoint counsel (Doc. 3) and his motion for order to show cause (Doc. 4) are **DENIED**.

Should Hedger desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court

denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Hedger has not obtained permission to file the present action, and therefore he is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 19th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.19 15:56:10 -05'00'

**Chief Judge**
**United States District Court**